IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Brian Keith Blount,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:19cv540 (LO/TCB) |
| ) | |
| **Harold W. Clarke,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Brian Keith Blount, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions for two counts of third-offense petty larceny and one count of misdemeanor failure to appear in the Circuit Court of the City of Virginia Beach. (Case Nos. CR14-2845 and CR15-2374). Respondent has filed a Motion to Dismiss, with a supporting brief, and Blount has been notified of the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition will be dismissed.

### I. Procedural History

On September 30, 2015, Blount pleaded guilty to two counts of third-offense petty larceny and misdemeanor failure to appear in the Virginia Beach Circuit Court. (Case Nos. CR14-2845 and CR15-2374). On July 13, 2016, the circuit court sentenced Blount to five years' in prison on each count of third-offense petty larceny and thirty days in jail for his failure to appear and suspended all of the sentences. The court also revoked the suspended time in four other cases (Case Nos. CR00-201, CR00247, CR09-2032, and CR06-1271), and then resuspended all but eight years and three months. The court entered judgment on all the cases

on July 19, 2016. Blount did not appeal any of his convictions or revocations.

Blount filed a petition for writ of habeas corpus in the Supreme Court of Virginia on June 27, 2017 it.[1] Blount v. Clarke, No. 170905. The court dismissed the habeas petition on April 18, 2018 and denied Blount's petition for rehearing on June 28, 2018. [Dkt. No. 15-3]. Blount filed the current § 2254 petition on August 6, 2019, raising the following claims:

> Ground I: (Formerly State Claim (c)). Petitioner contends that his [Fourth] Amendment rights were violated when a traffic stop evolved into [an] illegal investigatory stop and was further converted into an illegal arrest without reasonable suspicion or probable cause.
>
> Ground II: (Formerly State Claim (d)). Petitioner contends that his [Fifth] and [Fourteenth] Amendment rights were violated when the Commonwealth withheld exculpatory evidence stemming from an illegal investigatory stop and subsequent illegal arrest.
>
> Ground III: (Formerly State Claim (f)(4)). Petitioner contends that his [Sixth] and [Fourteenth] Amendment rights were violated when defense counsel abandoned a suppression of evidence defense stemming from an illegal [investigatory] stop and arrest.

[Dkt. No. 6 at 16].

## II. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has a one-year period in which to file a federal petition for a writ of habeas corpus. This period generally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2).

The Virginia Beach circuit court entered judgment against Blount imposing his sentences

---

[1] On June 27, 2017, Blount also filed a habeas petition in this Court, which was dismissed without prejudice for failure to exhaust. Blount v. Clarke, 1:17cv803 (E.D. Va. July 25, 2017).

2

on July 19, 2016, and he did not appeal. Blount's conviction therefore became final on Monday, August 22, 2016, the date on which his time to petition for a direct appeal to the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6; see also Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Consequently, Blount had until August 22, 2017 to file a federal petition for a writ of habeas corpus.[2]

The federal statute of limitations was tolled on June 27, 2017 when Blount filed his state habeas petition. [Dkt. No. 15-2 at 35]. Between August 22, 2016 and June 27, 2017, 309 days elapsed, which left Blount 56 days to file a federal habeas petition under the one-year federal statute of limitations after his state habeas proceeding concluded. The state habeas proceedings ended on June 28, 2018 when the Supreme Court of Virginia denied Blount's petition for rehearing. [Dkt. No. 15-3 at 11]. Thereafter, the statute of limitations began to run again and expired on August 23, 2018, 56 days after the state habeas proceedings concluded. Blount, however, did not file his federal habeas petition until August 6, 2019, more than one year after the statute of limitations had lapsed. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace

---

[2] Blount is not entitled to 90 days of tolling for filing an application for writ of certiorari with the United States Supreme Court because he did not properly maintain a direct appeal through the highest available state court. See Butler v. Cain, 533 F.3d 314, 316-19 (5th Cir. 2008); Riddle v. Kemna, 523 F.3d 850, 852-56 (8th Cir. 2008); Pugh v. Smith, 465 F.3d 1295, 1297-1300 (11th Cir. 2006).

3

DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate fulfillment of both elements of the test, Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)), and generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (resort to equity is "reserved for those rare instances where - due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

Blount asserts the statute of limitations should be equitably tolled for three reasons: (1) he is entitled to equitable tolling because the prosecution withheld exculpatory evidence, as detailed in Ground II, in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963); (2) he has a history of mental illness; and (3) he was ignorant of the one-year statute of limitations. [Dkt. No. 19 at 1-4]. Blount's reasons for tolling have no merit.

"In certain circumstances, 'the same facts supporting a Brady claim [will] also support the application of the doctrine of equitable tolling.'" Jefferson v. United States, 730 F.3d 537, 549 (6th Cir. 2013) (quoting Wardlaw v. Cain, 541 F.3d 275, 279 (5th Cir. 2008)). A Brady claim, however, does not necessarily entitle a habeas petitioner to equitable tolling. See Ford v. Gonzalez, 683 F.3d 1230, 1238 (9th Cir. 2012). In rejecting the petitioner's argument for

4

tolling based upon a Brady claim, Ford noted that several other federal circuits

> have found Brady claims time-barred, and we agree that the statute of limitations may bar such claims in appropriate circumstances. See, e.g., Daniels v. Uchtman, 421 F.3d 490, 492 (7th Cir. 2005) (noting that information supporting petitioner's Brady claim could have been discovered more than one year prior to petitioner's filing of his federal habeas petition); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 111, 113 (2d Cir. 2000) (dismissing Brady claim as time-barred where petition was filed almost two years after the petitioner obtained the exculpatory materials).

683 F.3d at 1238. In Blount's case, he knew about the basis of his claim well prior to filing his state habeas petition and, in any event, he has no viable Brady claim and hence it cannot serve as a basis for tolling.

Blount alleges the prosecution withheld exculpatory evidence that he could have used in a motion to suppress evidence for the third-offense petty larceny charge that involved Blount's stop for riding a bicycle without a headlight by Officer Butler on January 26, 2014.[3] Blount alleged that the withheld evidence would have shown that Officer Butler had

> lost reasonable suspicion to hold [Blount] after [Officer Butler] was informed by his dispatcher and the Farm Fresh manager that no theft crime had been reported. The Commonwealth also left out the material facts surrounding Officer Butler's lack of probable cause to dispatch a third, uninvolved, officer to go to the Farm Fresh store to review videotapes. The Commonwealth further failed to clearly show that petitioner was observed stealing anything on the videotapes. All of information was also left out of the police report, and the stipulation of facts.

Dkt. No. 6 at 22-23. But "the Constitution *does not require* the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." United

---

[3] The allegations of allegedly withheld evidence do not concern the second offense that occurred on April 17, 2015, while Blount was out on bond for the January 26, 2014 offense, and did not involve a stop. A store loss prevention officer at a Food Lion observed Blount enter the store on April 17, 2015 and put "a large amount of meat products ... in his pants and walk out of the store." [Dkt. No. 15-1 at 35-36]. The loss prevention officer "captured [Blount's] movements on video." [Id. at 36].

5

States v. Ruiz, 536 U.S. 622, 633 (2002) (emphasis added); see also United States v. Moussaoui, 591 F.3d 263, 285 (4th Cir. 2010) (collecting cases) (concluding Brady is a trial right that may be waived by a knowing and voluntary guilty plea). Moussaoui noted that Ruiz addressed only impeachment evidence and did not resolve the issue of the "prosecution's failure to disclose material exculpatory evidence at the plea stage could result in an unknowing plea in certain narrow circumstances." 591 F.3d at 286. As in Moussaoui, resolution of the issue is not necessary because the facts of this case demonstrate that Blount did not enter his plea unknowingly and that there was no Brady violation.

Importantly, Brady does not apply when the defendant knows or has equal access to the same information. See United States v. Jeffers, 570 F.3d 557, 573 (4th Cir. 2009) (quoting United States v. Wilson, 901 F.2d 378, 381 (4th Cir. 1990)). "[T]here is no Brady violation if the defense is aware of the evidence in time to reasonably and effectively use it at trial." Id. (citing United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985)). Here, Blount's own averments by affidavit show that he knew about the supposedly withheld information. In his affidavit, Blount admits that he heard Officer Butler contact the dispatcher and that the dispatcher told Officer Butler that there had been no theft "crimes reported in the area." Dkt. No. 6 at 37. Blount then admits that he subsequently heard the Farm Fresh manager tell Officer Butler over the phone "that there had been no thefts reported." Id. The affidavit continues, stating that Blount next heard Officer Butler direct another officer to go to the Farm Fresh and review the video tape to see if someone matching Blount's description had been in the store. Id. Finally, the affidavit refers to and attaches the prosecutions October 27, 2014 discovery response to his affidavit. The discovery response indicates that copies of the police report and the Farm Fresh surveillance video were provided to Blount's counsel in

discovery. Id. at 40-41. In short, Blount had all of the information he said constituted Brady material prior to his plea.

Blount's assertion of mental illness as reason to equitably toll the statute of limitations also has no merit.

> In United States v. Sosa, 364 F.3d 507 (4th Cir. 2004), the court briefly discussed whether a claim of mental illness could justify tolling the statute of limitations for a § 2255 petition. The court explained that "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," and it concluded that Sosa's asserted condition – schizoaffective disorder and generalized anxiety disorder – did not rise to this level. Id. at 513.

Robinson v. Hinkle, 610 F. Supp. 2d 533, 539-40 (E.D. Va. 2009), appeal dismissed, 357 F. Appx. 517 (4th Cir. 2009). Mental illness, therefore "can provide a basis for equitable tolling, but only 'where the petitioner has alleged facts showing that his mental incapacity or incompetency amounted to an extraordinary circumstance' and the petitioner 'demonstrate[s] this condition prevented him from filing a timely petition.'" Springer v. Ray, 1:10cv415 (LO/TRJ), 2011 U.S. Dist. LEXIS 168617, *5-6 (E.D. Va. Apr. 27, 2011) (quoting Robinson v. Hinkle, 610 F. Supp. 2d 533, 540 (E.D. Va. 2009), appeal dismissed, 357 F. Appx. 517 (4th Cir. 2009)). Thus, a "bare assertion" that a petitioner "suffer[ed] from some mental impairment, 'without more, is insufficient to justify equitable tolling.'" Id. at 539 (quoting Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir. 2005)); see also Long v. Deep Meadow Corr. Ctr., No. 3:18cv049, 2018 U.S. Dist. LEXIS 119036 *8 (E.D. Va. July 16, 2018) (finding "bare allegations that [petitioner] suffers from PTSD, depression, and anxiety do not demonstrate a causal connection to his inability to file on time"). "Rather, a causal link between the mental condition and untimely filing is required." Ata v. Scutt, 662 F.3d 736, 741-42 (6th Cir. 2011) (collecting cases). Moreover, –"[a] petitioner's ability to make other legal filings during the alleged

7

period of his incompetency counsels strongly against allowing equitable tolling of a petitioner's federal habeas petition." Robinson, 610 F. Supp. 2d at 540; see also Price v. Lewis, 119 F. Appx 725, 726-27 (6th Cir. 2005) (holding that a petitioner able to file legal papers during period of alleged incapacity not entitled to equitable tolling). "A claim of continuing psychiatric care is insufficient to trigger equitable tolling." Id. at 542 (citations omitted).

Here, Blount has offered no evidence other than he has been treated for mental illness in the past. The records of Blount's various court proceedings demonstrate that as long as he is on his medications, he is normal. At his criminal trial, Blount's plea colloquy demonstrates appropriate responses and an understanding of the charges (9/30/15 Tr. at 3-8, 9), and his allocution at sentencing likewise demonstrates that Blount understood the need for remorse and spoke coherently. (7/13/16 Tr. at 31). A witness at his sentencing attributed Blount's troubles to the recent loss of his mother, a bad personal relationship, and being off his "meds." (Id. at 11-12). The witness also testified that Blount was now on his medications. (Id. at 12). Blount's Presentence Report ("PSR") in Case No. CR06-1271 indicates that when Blount takes his prescribed medications "he functions normally."[4] Id. at 8.[5] Finally, Blount does not allege

---

[4] Blount's Presentence Report in CR09-2032 has similar statements regarding Blount functioning normally when he is on his medications, and after a revocation hearing in Case No. CR09-2032, Blount filed a pro se motion for reconsideration marked received on September 23, 2016.

[5] The record of his criminal trial and the state habeas indicate Blount has not had trouble filing matters in prior litigation. Following the revocation proceeding that accompanied his sentencing, Blount filed a pro se motion for reconsideration of his sentence in which he mentioned being diagnosed bipolar in 1997 and that he had been assisting law enforcement to modify his sentence. (CR06-1271, marked received November 4, 2016); [Dkt. No. 15-1 at 95-96]. The state record also indicate Blount received his GED while incarcerated and is able to read and write. PSR at 5a-6. Blount's criminal history indicates he has had extensive involvement in the court system beginning in 1988 and his pro se motions demonstrate Blount understands court proceedings. (9/30/15 Tr. at 4-9; 7/13/16 Tr. at 31).

8

that he is currently not taking his medication. In sum, Blount has not established that he is entitled to equitable tolling based upon his mental condition.

Finally, Blount's assertion of his ignorance of the one-year statute of limitations does not warrant equitable tolling. See Sosa, 364 F.3d at 512; United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002); Wakefield v. RRB, 131 F.3d 967, 970 (11th Cir. 1997). In addition, Blount knew of the statute of limitations from the 2017 federal petition that was dismissed without prejudice.[6] Blount's habeas petition is untimely and must be dismissed.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 13] is granted, and this petition must be dismissed with prejudice. An appropriate Order and judgment shall issue.[7]

Entered this 24th day of July 2020.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[6] The federal statute of limitations is referenced in the form habeas petition Blount filed out in 2017: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244 (d) does not bar your petition." Blount, 17-cv-803, [Dkt. No. 1 at 45]. A footnote to the statement on the form quotes the statute. Blount answered "N/A" to the statement. Blount, therefore, was not ignorant of the federal statute of limitations.

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Blount fails to meet this standard.